RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

04 - 10388 C.A. NO.

MAGISTRATE JUDGE _____

| | |
|---|---|
| ARTHUR BERRIMAN,<br>Plaintiff, | )<br>)<br>) |
| v. | )<br>) COMPLAINT AND DEMAND FOR<br>) JURY TRIAL. |
| MCL ASSOCIATES, INC.,<br>Defendant. | )<br>)<br>) |

## INTRODUCTION

1. This is an action by a former employee against his former employer. The action seeks damages for breach of contract, quantum meruit, and wrongful termination.

## PARTIES

2. Plaintiff Arthur Berriman ("Plaintiff") is an individual who resides in Barrington, Rhode Island.

3. Defendant MCL Associates, Inc. ("MCL") is a domestic corporation operating within the Commonwealth of Massachusetts and having a usual place of business at 739 Washington Street, Canton, Norfolk County, Massachusetts.

## FACTUAL ALLEGATIONS

4. Plaintiff was employed by MCL from in or about August 1992 through in or about January 2003.

5. At the time of his termination, Plaintiff was a Senior Associate for MCL.

6. At all times relevant, MCL operated as a funds locator company, assisting companies in the recovery of lost government related funds.

7. MCL performed its services on a contingency basis, meaning MCL would receive a fee from a company that ultimately received funds as a result of MCL's services.

8.   The Plaintiff, and other Senior Associates at MCL, would negotiate the fees MCL was to receive from a client company. The Plaintiff, and other Senior Associates at MCL, would also negotiate the language of the respective contract authorizing MCL to recover the funds for the client company.

9.   The terms and conditions of the contract between Plaintiff and MCL were such that (i) the Plaintiff was paid 25% of the fee MCL received from a client company and (ii) an additional bi-bonus of 10% was paid on all fees received by MCL in excess of $120,000.

10.  In early 2002, MCL's President, Michael F. Carlucci ("Carlucci"), informed the Plaintiff and other MCL Senior Associates and employees that MCL may have problems with records MCL received from the U.S. Department of Treasury, including Internal Revenue Service information. The information had been distributed among MCL's three Senior Associates.

11.  In early 2002, MCL assigned the Consolidated Furniture ("Consolidated") account to Plaintiff. The account involved a check payable to Consolidated in the amount of $643,749.82 ("Subject Check").

12.  Plaintiff initiated contact with Consolidated's representative, John Sganga, regarding the Subject Check and thus began nogotiations of the terms of a contract between MCL and Consolidated.

13.  As a resulf the Plaintiff efforts and negotiations, Consolidated entered into a contract with MCL concerning the Subject Check.

14.  A copy of a faxed contract, signed by Consolidated's representative, John Sganga, was given to the Plaintiff by Carlucci. This confirmed that Consolidated was the Plaintiff's account and that the Plaintiff was due any commissions on the income generated by the Consilidated transaction.

15.  By the end of August 2002, MCL received a check in the amount of $643,749.82 concerning the Consolidated account.

16.  As was customary, MCL deducted its fee and sent the remaining proceeds due to Consolidated, in the form of MCL check #1869 dated August 26, 2002 in the amount of $429,188.00.

17.  Carlucci informed the Plaintiff that Consolidated had returned MCL check #1869.

18. Carlucci repeatedly told the Plaintif that the Consolidated account was Plaintiff's account.

19. In the fall of 2002 Carlucci informed Plaintiff and other MCL employees that MCL was closed effective immediately. This was purportedly due to problems MCL was having with the U.S. Department of Treasury. At the same time, Carlucci terminated the Plaintiff's employment, as well as the other Senior Associates' employment.

20. Contrary to the representations of Carlucci, MCL did not cease operations.

21. Plaintiff has made repeated demands for the commission owed to him on the Consolidated account.

22. Consolidated deposited MCL check #1869 in or about September 2002.

23. Carlucci and MCL have refused to pay the Plaintiff the commission owed to the Plaintiff on the Consolidated account. During the entire period of Plaintiff's employment with MCL, it was common for Carlucci to assist in "closing" deals and transations for all employees of MCL and, at no time was the commission paid to any employee reduced in any way due to Carlucci's involvement in a deal or transaction.

24. On information and belief, Carlucci and MCL have similarly acted in refusing to pay at least one other former MCL Senior Associate commission owed to him on accounts.

25. Plaintiff had performed all obligations owed of him to be enttiled to a commission on the Consolidated account.

26. MCL terminated Plaintiff's employment to deprive Plaintiff of the commissions the Plaintiff was and is owed on the Consolidated account.

27. MCL'sproffered reasons for terminating the Plaintiff were arbitrary, capricious, not in good faith, and not lawful.

28. Plaintiff is entitled to commission on the Consolidated account as per the past and regular practices of MCL.

29. Plaintiff is entitled to compensation for commissions on the Consolidated account in the amount of approximately $75,000.

## LEGAL CLAIMS

## COUNT I – BREACH OF CONTRACT

30. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-29 above.

31. Plaintiff and MCL contracted with regard to Plaintiff's commission schedule.

32. Plaintiff's commission scheduled required him to be paid for commissions on the Consolidated account. Commissions were due and owed to the Plaintiff regardless of whether Plaintiff maintained his employment with MCL and regardless of the scope of the scope of work Plaintiff performed on the account.

33. MCL has breached its contract with Plaintiff by failing and or refusing to pay Plaintiff the commisions owed to the Plaintiff.

34. As a direct and foreseeable consequence thereof, Plaintiff has suffered loss damages in the amount of at least $75,000.

WHEREFORE, the Plaintiff seeks judgment against MCL, in an amount to be determined at trial, as well as reasonable attorneys' fees, interest and costs.

## COUNT II – WRONGFUL TERMINATION IN VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

35. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-34 above.

36. MCL's termination of Plaintiff's employment was without legitimate excuse, justification, and or reason.

37. MCL terminated Plaintiff's employment solely to deprive the Plaintiff of commissions earned but not yet received.

38. MCL's termination of Plaintiff violates the implied convenant of good faith and fair dealing.

39. As a direct and foreseeable consequence thereof, Plaintiff has suffered loss damages in the amount of at least $75,000.00.

WHEREFORE, the Plaintiff seeks judgment against MCL, in an amount to be determined at trial, as well as reasonable attorneys' fees, interest and costs.

## COUNT III – QUANTUM MERUIT

40. Plaintiff hereby realleges and incorporates by reference the averments of paragraphs 1-39 above.

41. Plaintiff performed valuable services in connection with the Consolidated account.

42. MCL would not have received any revenue or fee but for the services the Plaintiff performed in connection with the Consolidated account.

43. The value of the services Plaintiff performed in connection with the Consolidated account is $75,000.00.

44. MCL benefited to the amount of approximately $214,583.27 as a result of the services performed by the Plaintiff in connection with the Consolidated account.

45. MCL has refused to justly and fairly compensation the Plaintiff for the services he performed.

46. As a direct and foreseeable consequence thereof, Plaintiff has suffered loss damages in the amount of at least $75,000.00.

WHEREFORE, the Plaintiff seeks judgment against MCL, in an amount to be determined at trial, as well as reasonable attorneys' fees, interest and costs.


**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.**

Arthur Berriman, Plaintiff
By his attorneys,

James M. Caramanica, BBO #565882
Law Offices of John C. Carleen, P.C.
Corporate Center North
1711 Broadway
Saugus, MA 01906
(781) 233-2299

Dated: February 23, 2004