UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ARTHUR BERRIMAN,
    Plaintiff

v.

C.A. No. 04-10387 MEL

MCL ASSOCIATES, INC.,
    Defendant

## ANSWER OF THE DEFENDANT
## MCL ASSOCIATES, INC.

### INTRODUCTION

1. No answer required.

### PARTIES

2. Defendant is without sufficient knowledge either to admit or deny the allegation contained in this paragraph of plaintiff's complaint.

3. Defendant admits the allegation contained in this paragraph of plaintiff's complaint, but clarifies that its address is 793 Washington Street, Canton, Massachusetts

### FACTUAL ALLEGATIONS

4. Defendant admits the allegation contained in this paragraph of plaintiff's complaint.

5. Defendant admits so much of the allegation contained in this paragraph of plaintiff's complaint as it relates to the position held by the plaintiff as of the date of his separation from the defendant. Defendant denies the allegation contained in this paragraph as it relates to plaintiff's termination.

6. Defendant admits the allegation contained in this paragraph of plaintiff's complaint.

7. Defendant admits the allegation contained in this paragraph of plaintiff's complaint.

8. Defendant admits that fees would be negotiated but denies so much of the allegation contained in this paragraph that asserts plaintiff was responsible for and/or controlled the negotiation of fees.

9. Defendant denies the allegation contained in this paragraph of plaintiff's complaint.

10. Defendant denies the allegation contained in this paragraph of plaintiff's complaint.

11. Defendant denies the allegation contained in this paragraph of plaintiff's complaint.

12. Defendant denies the allegations contained in this paragraph of plaintiff's complaint.

13. Defendant denies the allegations contained in this paragraph of plaintiff's complaint.

14. Defendant admits so much of the allegation that relates to the defendant receiving a signed contract from Consolidated but denies the remainder of the allegation contained in this paragraph of the complaint.

15. Defendant admits that it received a check in the amount stated in plaintiff's complaint and that the check related to the Consolidated account.

16. Defendant admits the allegation contained in this paragraph of plaintiff's complaint.

17. Defendant denies the allegation contained in this paragraph of plaintiff's complaint.

18. Defendant denies the allegation contained in this paragraph of plaintiff's complaint.

19. Defendant admits that the employment relationships with the plaintiff and certain other individuals were terminated but denies the remainder of the allegations.

20. Defendant admits that it continued operations but denies this was contrary to any information provided to the plaintiff.

21. Defendant admits that plaintiff has made one demand on the defendant but denies that any money is owed to plaintiff.

22. Defendant admits that the check payable to Consolidated has cleared defendant's account but defendant is without sufficient knowledge either to admit or deny what was done with the proceeds of the check.

23. Defendant denies the allegations contained in this paragraph and, in further answering defendant states that plaintiff was paid the sum of Fifty Thousand ($50,000.) Dollars upon his departure from the defendant.

24. Defendant is without sufficient knowledge either to admit or deny the allegation contained in this paragraph of the complaint as plaintiff fails to identify the individual.

25. Defendant denies the allegation contained in this paragraph of the complaint.

26. Defendant denies the allegation contained in this paragraph of the complaint, in further answering defendant states that plaintiff was paid the sum of Fifty Thousand ($50,000.) Dollars upon his departure from the defendant.

27. Defendant denies the allegation contained in this paragraph of the complaint.

28. Defendant denies the allegation contained in this paragraph of the complaint.

29. Defendant denies the allegation contained in this paragraph of the complaint.

## LEGAL CLAIMS

### COUNT I – BREACH OF CONTRACT

30. Defendant restates its answers to the allegations contained in paragraphs 1 through 29 as though fully set forth.

31. Defendant admits that it had an agreement with the plaintiff with regard to plaintiff's commission but denies that the agreement was as plaintiff has described.

32. Defendant denies the allegation contained in this paragraph of plaintiff's complaint.

33. No answer required as the allegation sets forth a legal conclusion. To the extent an answer is required, defendant denies the allegation.

34. No answer required as the allegation sets forth a legal conclusion. To the extent an answer is required, defendant denies the allegation.

WHEREFORE, defendant respectfully demands this Honorable Court dismiss Count I of plaintiff's complaint with prejudice and costs.

## COUNT II – WRONGFUL TERMINATION IN
## VIOLATION OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

35. Defendant restates its answers to the allegations contained in paragraphs 1 through 34 as though fully set forth.

36. Defendant denies the allegation contained in this paragraph of plaintiff's complaint.

37. Defendant denies the allegation contained in this paragraph of plaintiff's complaint.

38. No answer required as the allegation sets forth a legal conclusion. To the extent an answer is required, defendant denies the allegation.

39. No answer required as the allegation sets forth a legal conclusion. To the extent an answer is required, defendant denies the allegation.

WHEREFORE, defendant respectfully demands this Honorable Court dismiss Count II of plaintiff's complaint with prejudice and costs.

## COUNT III – QUANTUM MERUIT

40. Defendant restates its answers to the allegations contained in paragraphs 1 through 39 as though fully set forth.

41. Defendant denies the allegation contained in this paragraph of plaintiff's complaint.

42. Defendant denies the allegation contained in this paragraph of plaintiff's complaint.

43. Defendant denies the allegation contained in this paragraph of plaintiff's complaint.

44. Defendant denies the allegation contained in this paragraph of plaintiff's complaint.

45. Defendant denies the allegation contained in this paragraph of plaintiff's complaint.

46. No answer required as the allegation sets forth a legal conclusion. To the extent an answer is required, defendant denies the allegation.

WHEREFORE, defendant respectfully demands this Honorable Court dismiss Count II of plaintiff's complaint with prejudice and costs.

FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the Statute of Limitations

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the Statute of Frauds

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the equitable doctrine of accord and satisfaction

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are as a result of the acts or omissions of someone other than the defendant

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are as a result of plaintiff's own intentional or negligent acts and not those of the defendant

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are as a result of the negligent or intentional acts of persons or entities over which defendant does not exercise control

DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE

Respectfully submitted,
Defendant, by its Attorney,

Rosemary Traini 601570
Van Dam & Traini, LLP
220 Boylston Street
Chestnut Hill, MA 02467
617-969-2900

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) (by expedited mail) on 4/28/04
Dated: 4/28/04
Attorney for

Dated: April 28, 2004

5