UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

C.A. NO.: 04-10387-MEL

| | |
|---|---|
| **ARTHUR BERRIMAN,** <br> Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) <br> ) |
| **MCL ASSOCIATES, INC.,** <br> Defendant. | ) <br> ) <br> ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.   INTRODUCTION**

Plaintiff filed a three (3) count Complaint and Demand for Jury Trial ("Complaint") alleging breach of contract (count I), wrongful termination in violation of the covenant of good faith and fair dealing (count II), and quantum meruit (count III).

Plaintiff now seeks to amend the Complaint to add a count for violation of M.G.L. ch. 149, sec. 148 (count IV).

**II.   ARGUMENT**

Rule 15 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P.15(a).

In the instant matter, justice requires that leave be freely given to allow the Plaintiff to amend the Complaint to add count IV, an allegation of violation of M.G.L. ch. 149, sec. 148. Plaintiff served discovery requests on the Defendant on or about August 31, 2004. The Defendant did not timely respond to the discovery requests and, ultimately, was given an extension to respond to November 8, 2004. After agreeing to provide discovery by November 8, 2004, the Defendant was ultimately given a second extension to respond to November 10, 2004. The Defendant finally responded to Plaintiff's discovery requests on November 11, 2004.

A review of the discovery reveals that the Complaint should be amended to reflect a claim for violation of M.G.L. ch. 149, sec. 148. Particularly, the discovery requests reveal documents were not produced by the Defendant that should have been produced[1] and, more disturbing, at least one produced document has been altered. Thus, the destruction of evidence and or the tendering of altered evidence warrants the Complaint be modified to include a claim for a violation of M.G.L. ch. 149, sec. 148 to comport with this evidence.

Plaintiff further states that no party will be prejudiced by the allowance of Plaintiff's Motion and the no additional discovery will be required.

Further, the Defendant has noticed the taking of Plaintiff's deposition for

                             Arthur Berriman, Plaintiff
                             By his attorneys,

                             /s/ James M. Caramanica
                             James M. Caramanica, BBO #565882
                             Law Offices of John C. Carleen, P.C.
                             92 Montvale Avenue, Suite 4170
                             Stoneham, MA 02180
Dated: November 18, 2004           (781) 438-4600 ext. 202

---

[1] The issues surrounding the incomplete discovery shall be addressed by the Plaintiff in a separate discovery motion should efforts to resolve the discovery dispute be unsuccessful.

## CERTIFICATE OF SERVICE

  I, James M. Caramanica, certify that on December 1, 2004, a true copy of the foregoing was served upon Defendant's counsel of record, Rosemary Traini, Esq., Van Dam & Traini, LLP, 220 Boylston Street, Chestnut Hill, MA 02467-2090, via first class mail, postage prepaid.

                       _____
                        James M. Caramanica