UNITED STATES DISTRICT COURT FILED
FOR THE DISTRICT OF MASSACHUSETTS OFFICE

2004 DEC -6 P 3: 54

U.S. DISTRICT COURT
DISTRICT OF MASS.

ARTHUR BERRIMAN,
**Plaintiff**

v.                                           **Civil Action No. 04cv10387MEL**

MCL ASSOCIATES, INC.,
**Defendant**

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

### BACKGROUND

Plaintiff has filed a motion in accordance with the provisions of F.R.Civ.P., Rule 15 requesting that he be allowed to amend his complaint to include a claim of violation by the defendant of the provisions of G.L. c.149 §148. Defendant respectfully opposes same.

Plaintiff's original complaint sought claims for breach of contract, wrongful termination and quantum meruit. There was no claim for wages which is the claim that is provided by G.L. c.149§148.

### ARGUMENT

Plaintiff contends that the responses to plaintiff's request for documents give rise to a claim pursuant to G.L. c.149§148. Plaintiff alleges in his memorandum in support of his motion that documents were not produced that should have been produced and that at least one document produced was altered. Plaintiff offers no supporting documentation

for his request to amend, simply a conclusory statement that based upon plaintiff's review of the discovery responses, the plaintiff should be permitted to amend his complaint.

Further, the statutory provisions of G.L. c. 149 are such that an aggrieved employee must first file a complaint with the Office of the Attorney General and, ninety days after the filing of the complaint with that office[1], an aggrieved employee may file a private action. Plaintiff does not provide any documentation or information in his memorandum in support of his motion to amend that he has complied with the requirements of G.L. c.149 §150. Without proof of compliance, defendant asserts that plaintiff is not entitled to maintain an action pursuant to G.L. c.149 §148.

Defendant further asserts that plaintiff's discovery was served on August 31, 2004. Plaintiff did not contact defendant regarding the status of the discovery until October 21, 2004. Defendant's counsel responded by return mail that counsel would need until November 8, 2004 to respond. On November 8, 2004, although defendant did not deliver the discovery responses, defendant did forward a settlement offer to the plaintiff. That settlement offer was rejected on November 9, 2004 and the documents were forwarded within days thereafter. None of this should have any bearing on whether or not there is any merit to plaintiff's request to amend his complaint.

While defendant agrees that amendments to pleadings are afforded freely, without more specific allegations from the plaintiff as to why such an amendment should be allowed now, when discovery is set to close at the end of December and plaintiff has not provided proof of compliance with the statutory requirement, defendant asserts that the motion to amend should be denied.

---

[1] Or sooner if the complainant receives a letter from the attorney general...

2

## CONCLUSION

Based upon the foregoing, defendant respectfully requests plaintiff's motion be denied.

Respectfully submitted,
Defendant, by its Attorney,

Rosemary Traini 501570
Van Dam & Traini, LLP
220 Boylston Street
Chestnut Hill, MA 02467
617-969-2900

Dated: December 3, 2004

3